**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2750-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KIMBERLY GREEN,

     Defendant-Appellant.

_____

> Submitted September 12, 2018 – Decided September 28, 2018
>
> Before Judges Sabatino and Sumners.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. 08-04-0537.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Carolyn V. Bostic, Designated Counsel, on the brief).
>
> Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kimberly Green was convicted by a jury of second-degree vehicular homicide, N.J.S.A. 2C:11-5, two counts of third-degree assault by auto, N.J.S.A. 2C:12-1(c), and driving while intoxicated, N.J.S.A. 39:4-50. She was found not guilty of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a). She was sentenced to an aggregate prison term of twelve years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We upheld the convictions on direct appeal. State v. Green, No. A-1882-10 (App. Div. Nov. 12, 2013).

She thereafter filed a petition for post-conviction relief (PCR) alleging ineffective assistance of trial counsel for failing to timely notify the State of defendant's intent to present an accident reconstruction expert at trial. Following an evidentiary hearing, Judge Michael A. Toto, who also presided over the trial, entered an order denying PCR on the basis that counsel's lack of timely notification, which resulted in the ruling to bar the expert's testimony, did not constitute ineffective assistance because defendant did not show she was actually prejudiced by the lack of expert testimony.

On appeal, defendant argues in a single point:

> THE PCR COURT'S FACTUAL FINDINGS DO NOT SUPPORT ITS DETERMINATION THAT DEFENDANT FAILED TO ESTABLISH THAT SHE WAS PREJUDICED BY HER TRIAL ATTORNEY'S

FAILURE TO OBTAIN AND IDENTIFY AN ACCIDENT RECONSTRUCTION EXPERT AT LEAST THIRTY DAYS BEFORE TRIAL, AS REQUIRED BY THEN [RULE] 3:13-3(d)(5), WHICH RESULED IN THE EXCLSION OF THE DEFENDANT'S EXPERT'S REPORT AND TESTIMONY AT TRIAL

We affirm.

We need not detail the procedural history and trial evidence as they are fully addressed in our opinion affirming defendant's conviction on direct appeal, Green, A-1882-10, and in Judge Toto's written opinion of December 12, 2016, which accompanied his order of the same date denying defendant PCR. A brief summary will suffice here.

On December 27, 2007, defendant drove a friend to a restaurant for a late meal. Arriving there at 10:20 p.m., they found the restaurant's kitchen was closed, but they remained there to have some alcoholic beverages. At about 1:30 a.m., defendant drove her friend home, where she stayed for about an hour and had something to eat. After shortly leaving around 2:30 a.m., defendant nearly caused an accident when she drove through a red light, without slowing down by applying her car's brakes, to enter onto Route One. She was then seen driving between sixty and eighty miles per hour recklessly down the highway, almost hitting another car, causing sparks from her car scrapping against the road's

concrete median, and driving on the shoulder of the road. At the highway's intersection with Black Horse Lane, defendant drove through another red light, colliding broadside into another car that had the green light. Tragically, one of the occupants of the car died shortly thereafter, and the two other occupants were seriously injured. Defendant was taken to the hospital, where she consented to having her blood drawn at 4:50 a.m., which revealed a blood alcohol concentration of .159 percent.

Three weeks before defendant's trial, the State notified her counsel that it planned to proffer the investigating police officer as an accident reconstruction expert. A week after the State rested, counsel produced a defense expert report and sought to have the expert testify regarding the speed of defendant's vehicle when the accident occurred. Judge Toto granted the State's motion to bar the report and the expert's testimony because counsel had not designated an expert at least thirty days prior to trial as required by Rule 3:13-3(d)(5). For the same reason, the judge rejected counsel's subsequent request to call the expert to the witness stand to rebut the officer's testimony that it was not possible to assess the speed of defendant's vehicle. He further added that defendant suffered no prejudice from not having her expert testify because the expert's speed estimates did not differ greatly from the testimony of the State's witnesses concerning the

4

speed of defendant's car. In deciding defendant's appeal, we concluded the judge did not abuse his discretion in barring defendant's expert testimony.

After the jury rendered its verdict, the judge found defendant guilty of motor vehicle offenses: driving while intoxicated, running a red light, reckless driving, obstructing a roadway, and failure to maintain her car in a lane. He, however, found defendant not guilty of speeding.

At the PCR evidentiary hearing, counsel gave detailed testimony regarding her trial strategies and the investigation she conducted after defendant retained her sometime in 2009, following two other attorneys who had represented defendant. Having learned between three to four months prior to trial that defendant's automobile insurance carrier had retained an accident reconstruction expert for the related civil case, counsel had obtained the carrier's consent to use him in the criminal trial to testify regarding the speed of defendant's car at time of the collision. However, close to the trial – she did not recall when – the carrier withdrew its offer.[1] Because of defendant's limited financial resources, she did not secure another expert until the trial was under way when the Public Defender's Office agreed to retain one. Among counsel's

---

[1] Counsel believed that she first saw the carrier's expert's report sometime in August 2009.

various trial strategies was her desire to have the expert testify to place reasonable doubt in the juror's minds that defendant was guilty of aggravated manslaughter by establishing that she was driving about sixty-five to seventy-five miles per hour, and not over eighty miles per hour as suggested by State witnesses, and that the State's expert was wrong in claiming there could be no calculation of the speed of defendant's car. Judge Toto denied defendant's PCR.

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must establish the right to relief by a preponderance of the evidence. State v. Preciose, 129 N.J. 451, 459 (1992). Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "'so long as those findings are supported by sufficient credible evidence in the record.'" State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "'substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" Ibid. (alteration in original) (quoting State v. Elders, 192 N.J. 224, 244 (2007)).

Applying the <u>Strickland</u> test, Judge Toto found that although counsel's performance was deficient in not retaining an expert to satisfy the thirty-day notification requirements of <u>Rule</u> 3:13-3(d)(5), which resulted in the order barring his testimony, defendant "did not suffer prejudice by failure to present expert testimony because [the expert's] estimated speed did not differ substantially from the State's lay witness[es'] testimony." Because the expert's proffered testimony and the witnesses' actual testimony were similar, the judge reasoned, "the issue of speed would have been less than significant in the jury's deliberation of recklessness." Significantly, the judge added, "the issue of speed was but one of several driving infractions that the jury considered, including [d]efendant driving while legally intoxicated, failure to stop at a red light, and failure to maintain the vehicle in her own lane while driving on the highway."

In essentially reiterating the arguments she made before Judge Toto, defendant argues that the judge's "factual findings do not support [his] determination that [she] failed to establish prejudice under the second prong of <u>Strickland</u>." We are unpersuaded. Considering Judge Toto had a front row seat as the trial judge and the applicable legal standards, we conclude that his findings are based upon credible evidence in the record and he correctly rejected

7

defendant's PCR arguments for the reasons substantially set forth in his well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2750-16T1